Hiltabidle v. Bradburn.

---

No. 23,472.

J. E. HILTABIDLE and Z. L. BARNETT, *Appellants,* v. C. E. BRADBURN et al. (FRED MIMS and GEORGE T. INGE, *Appellees*).

### SYLLABUS BY THE COURT.

ABSTRACT—*Book Filed as an Abstract Not an Abstract—Appeal Dismissed.* A book of 314 printed pages, filed as an abstract, stricken from the files, and the appeal dismissed for failure to file an abstract.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed February 11, 1922. Dismissed.

*Carr W. Taylor,* and *John H. Connaughton,* both of Hutchinson, for the appellants.

*L. A. Madison, Carl Van Riper,* both of Dodge City, *Charles E. Branine,* and *Harold R. Branine,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover money obtained by fraud. The defendant Bradburn admitted that he committed the fraud and got the money, and judgment was rendered against him. Judgment was rendered in favor of the defendant Inge. The defendant Mims was found guilty of aiding and abetting Bradburn. His motion for a new trial on the ground of newly discovered evidence was sustained, and the plaintiffs appeal.

The court is confronted by a printed book of 314 pages, called an abstract. While some abstracting has been done, the book is not an abstract at all, and the clerk is directed to strike it from the files.

The journal entry of judgment contains the following recital:

"The court considers and finds that said defendant Fred Mims and his attorneys used and exercised due care and diligence to produce and have at the trial the evidence material to the defense of said action on the part of said defendant Fred Mims, and that the evidence of the plaintiffs which made the evidence of the defendant Fred Mims produced upon the hearing of said motion material and needed was a surprise to said defendant Fred Mims, so that with due and proper diligence said defendant was unable to produce and have upon the trial the evidence now produced and shown upon the hearing of this motion; and the court considers and finds that said motion for a new trial should be, and the same is hereby sustained and granted upon the sole ground of newly discovered evidence which the said defendant Fred Mims could not with due diligence have procured and produced upon the trial."

An examination of the briefs of the parties indicates that the district court's ruling was correct. The evidence was newly discovered, in the sense of the statute, and under the circumstances could not, with due diligence, be produced at the trial. If the evidence were cumulative, that fact did not forbid the court to grant a new trial. While it is not error to refuse a new trial to admit cumulative evidence, a new trial may be granted for the reception of such evidence if the court be satisfied it would likely change the result. The question whether or not reasonable probability existed that the result might be changed was one for decision by the trial court, and is not one for this court. The court was not obliged to state findings of fact when ruling on the motion for a new trial. It was sufficient to indicate the ground of the motion for a new trial which was sustained, and the findings which were stated were gratuitous. The presumption is the court observed all the requirements of the statute relating to granting new trials, and there is nothing to indicate the contrary.

While the order granting a new trial might well be affirmed, the appeal is dismissed for failure to file an abstract.